UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOHNNY VELEZ-GARRIGA,

                      Plaintiff,

   -against-

THE CITY OF NEW YORK, ESSENCE A. JACKSON,
And UNDERCOVER POLICE OFFICER C007,

                      Defendants.
-------------------------------------------------------------------x

CV-12-2840

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendant's violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all

1

parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

5. Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York on or about June 27, 2011 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

6. Plaintiff JOHNNY VELEZ-GARRIGA (GARIGGA) is 22 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants ESSENCE A. JACKSON (JACKSON) and UNDERCOVER POLICE OFFICER C0072 (C0072) are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants JACKSON and C0072 are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants JACKSON and C0072 are sued individually.

## STATEMENT OF FACTS

10. On or about December 5, 2010 in the County of Kings defendants JACKSON and C0072 arrested plaintiff GARRIGA on felony narcotics charges. GARRIGA was arrested with Karl A. Walters, and Cynthia Oliver.

11. GARIGGA was taken to the 60th Precinct where he was subjected to a strip search. No contraband was recovered from GARRIGA.

12. GARIGGA posted bail on or about December 9, 2010 and the case was subsequently dismissed by the criminal court on June 24, 2011. Upon information and belief the co-defendants cases were dismissed as well.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C §§ 1981 and 1983)

13. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

14. By their conduct and actions in arresting, imprisoning, strip-searching and failing to intercede on behalf of plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants JACKSON and C0072, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

15. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution)

16. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

17. By the actions described above, defendants JACKSON and C0072 maliciously prosecuted plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his

4

statutory and common law rights as guaranteed by the laws and Constitutions of the State of New York and the United States.

19. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations)

19. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants JACKSON and C0072 had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

21. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants JACKSON and C0072 had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

22. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Negligence)

23. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

24. Defendants JACKSON and C0072 negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

25. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Negligent hiring, screening, retention, supervision and training)

26. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

27. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants JACKSON and C0072. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

28. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

  b. Punitive damages;

  c. The convening and empaneling of a jury to consider the merits of the claims herein;

  d. Costs and interest and attorneys' fees;

  e. Such other further relief as this court may deem appropriate.

Dated: Brooklyn, New York
   June 5, 2012

             Respectfully submitted,

             **SCOTT G. CERBIN, ESQ., PLLC**
             Counsel for the Plaintiff

             By: Scott G. Cerbin (SC5508)
             16 Court Street, Suite 2901
             Brooklyn, NY 11241
             (718) 596-1829